J-S38018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: J.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.M. | No. 1910 EDA 2015 |

Appeal from the Dispositional Order of May 29, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0000784-2015

BEFORE: FORD ELLIOTT, P.J.E., OLSON and JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                      **FILED JUNE 29, 2016**

Appellant, J.M., appeals from the dispositional order entered on May 29, 2015, adjudicating him delinquent of theft by unlawful taking, criminal mischief and conspiracy.[1]  We affirm.

The juvenile court summarized the facts of this case as follows:

> Complainant was at home at 1:00 a.m., on March 14, 2015, when his neighbor ([A]ppellant) knocked on his door and advised complainant that he had mistakenly left a light on in his car.
>
> Complainant gave his car keys to [Appellant] for him to [] extinguish the light and waited forty-five minutes to an hour for the return of the keys.  When the keys were not returned, complainant called the police and reported the car stolen.
>
> While complainant was outside of his house talking with a neighbor, the police came and were waived over.  While complainant spoke with police, [A]ppellant rode by them in complainant's car which was being driven by another.

---

[1] 18 Pa.C.S.A. §§ 3921, 3304, and 903, respectively.

Complainant saw the police begin to chase and saw [A]ppellant in the passenger seat as the car passed him and police. [While police pursued the vehicle, it crashed into parked cars and Appellant and two other males alighted from the vehicle and fled. Police apprehended Appellant and the complainant identified him as the person to whom he gave his car keys.] Appellant was in the police car at the time complainant recovered his car and the front end of the car was wrecked.

Juvenile Court Opinion, 10/23/2015, at 1.

Following a hearing on May 15, 2015, the juvenile court adjudicated Appellant delinquent of the aforementioned charges. On May 29, 2015, the juvenile court imposed probation with GPS tracking until further order of court. This timely appeal resulted.[2]

Appellant raises the following issues for our review:

1. Was not the evidence insufficient to convict [A]ppellant of theft by unlawful taking and conspiracy to commit theft by unlawful taking, where the Commonwealth failed to establish that [A]ppellant intended to permanently deprive the complainant, [A]ppellant's neighbor, of his automobile?

2. Was not the evidence insufficient to convict [A]ppellant of criminal mischief, where the Commonwealth presented no evidence that [A]ppellant was driving the automobile which was damaged and no evidence as to how the damage actually occurred?

_____

[2] Appellant filed a notice of appeal on June 24, 2015. On August 14, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. Appellant complied late, claiming he did not receive the court's Rule 1925(b) order. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 23, 2015.

Appellant's Brief at 3 (suggested answers omitted).

Because both of Appellant's issues challenge the sufficiency of the evidence presented by the Commonwealth, we shall examine the claims in one general discussion. First, Appellant asserts that the Commonwealth failed to prove beyond a reasonable doubt that he intended to deprive the complainant of his vehicle permanently to support his adjudications for theft by unlawful taking and conspiracy. *Id.* at 9. He avers:

> There is no question that the complainant willingly gave his car keys to [Appellant] after [Appellant] told him the light was on in his car. However, because [Appellant] was not the driver of the vehicle, there is no evidence that [Appellant] stole the complainant's vehicle. [Appellant] is not the individual who got behind the wheel and drove the car without the complainant's permission. The lack of evidence regarding how the driver obtained the keys from [Appellant] and whether [Appellant] was even a willing participant renders any finding of guilt on the theft charge based purely on speculation and conjecture.
>
> *             *             *
>
> The Commonwealth did not establish that [Appellant] conspired to permanently deprive the complainant of his vehicle, and therefore the finding of guilt for conspiracy cannot stand. […]Because the driver of the complainant's vehicle returned to the same street where the complainant lived within the hour of the complainant giving his keys to [Appellant], the totality of the circumstances establishes that the driver of the car/or [Appellant] was, in fact, intending to return the vehicle to complainant. An intent to permanently deprive cannot be established from the facts of record.

*Id.* at 10-11. Next, Appellant contends the Commonwealth did not present sufficient evidence to support his adjudication for criminal mischief, arguing:

[Appellant] was not driving the complainant's vehicle, and, therefore, was not responsible for the damage to the vehicle. As [Appellant] was not the driver of the vehicle, he could not have intentionally damaged the property of the complainant. Additionally, there was no testimony as to how any damage occurred, only that there was front end damage to the car.

*Id.* at 12.

In evaluating a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, our standard of review is as follows:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.

In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348-349 (Pa. Super. 2013) (internal citation and bracket omitted).

- 4 -

A juvenile may be adjudicated delinquent of conspiracy if the Commonwealth sufficiently proves the elements set forth in 18 Pa.C.S.A. § 903, which provides, in relevant part, the following:

> A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

> Conspiracy requires proof that:
>
> 1) the juvenile entered into an agreement with another to commit or aid in the commission of a crime; 2) he shared the criminal intent with that other person; and 3) an overt act was committed in furtherance of the conspiracy. This overt act need not be committed by the juvenile; it need only be committed by a co-conspirator.
>
> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, an adjudication of delinquency for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a

criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

… [M]ere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient to establish a conspiracy. Nor is flight from the scene of a crime, without more, enough. However, such factors, combined with other direct or circumstantial evidence, may provide sufficient evidence sustaining an adjudication of delinquency for conspiracy.

*In re V.C.*, 66 A.3d at 349-350 (internal citation, quotations and original brackets omitted).

A juvenile will be adjudicated delinquent of theft by unlawful taking "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."  18 Pa.C.S.A. § 3921(a). "Deprive" is defined, in pertinent part, as "[t]o withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation[.]"  18 Pa.C.S.A. § 3901.  A juvenile will be adjudicated delinquent of criminal mischief if he "damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means[.]"  18 Pa.C.S.A. § 3304.

Here, the complainant gave Appellant the keys to his car to turn off the vehicle's interior light and asked Appellant to put the keys back in his mailbox afterwards.  N.T., 5/15/2015, at 3.  Appellant was with two other

- 6 -

males at the time. *Id.* at 5-6. The complainant waited between 45 minutes to an hour for Appellant to return, before he called the police. *Id.* at 4. While talking to police at his residence, the complainant and the police witnessed the complainant's car drive past with Appellant in the passenger seat. *Id.* at 4, 6. The police activated their overhead lights and pursued the vehicle. *Id.* at 4. About a half a block away, with police in pursuant, Appellant and the two other males "jumped out" of the vehicle "and left it running." *Id.* Police arrested Appellant and the complainant was able to identify Appellant. *Id.* at 6. There was front-end damage to the complainant's car and a parked Jeep. *Id.* at 6-7. At the time of the dispositional hearing, the complainant had yet to receive an estimate for the damage to his vehicle. *Id.* at 7.

Viewing the evidence in the light most favorable to the Commonwealth, as our standard requires, we find there was sufficient evidence to support Appellant's delinquency adjudications. First, the Commonwealth met its burden of proof in establishing the elements of a conspiracy. Appellant obtained the complainant's car keys under false pretenses and without permission to use the vehicle. Appellant, in turn, gave those keys to another to drive the vehicle while Appellant rode as a passenger. Their combined acts sufficiently proved the formation of a criminal confederation. The intent to deprive emerges from the continued operation of the complainant's vehicle despite police intervention. The driver and Appellant fled the car on foot and left the car running. There was no

evidence that Appellant, or his co-conspirator, intended to return the vehicle. Moreover, their flight from police further evidenced their guilt. Thus, Appellant's adjudications for conspiracy and theft by unlawful taking were sufficiently proven. Moreover, the complainant's vehicle suffered damage as the result of the driver's recklessness. Appellant is criminally liable for the actions of his co-conspirator. Hence, the Commonwealth also presented sufficient evidence to support Appellant's adjudication of delinquency for criminal mischief.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016